**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CATHLEEN A. SIMOVIC, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No._____ |
| v. | ) | |
| | ) | |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Cathleen A. Simovic, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3.     Plaintiff, Cathleen A. Simovic ("Plaintiff") is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt owed for a HSBC Bank credit card (the alleged debt).  Defendant attempted to collect the alleged

debt despite the fact that Plaintiff was represented by counsel, namely The Palmer Firm, P.C., located at 11690 Pacific Ave., Suite 110, Fontana, CA 92337.

4.      Defendant, Portfolio Recovery Associates, ("PRA") is a Virginia corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  In fact, PRA was acting as a debt collector, as that term is defined in the FDCPA, as to the alleged delinquent consumer debt it attempted to collect from Plaintiff.

5.      PRA maintains a registered agent within the State of Illinois and conducts extensive and substantial business in Illinois.  (Exhibit A, Record from Illinois Secretary of State).

6.      PRA is licensed as a debt collection agency in the State of Illinois. (Exhibit B, Record from the Illinois Division of Professional Regulation). In fact, Defendant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7.      Plaintiff is a consumer who fell behind on paying her bills, including an alleged debt she incurred, for personal, family, and household purposes, originally for a HSBC credit card account ("alleged debt") identified by Account/Reference No. 5458001573091638.

8.       On or about July 23, 2009, PRA purportedly purchased the alleged debt from HSBC and informed Plaintiff of this fact on or about July 31, 2009 via letter sent by US Mail.  (Exhibit C, July 31, 2009 letter from PRA to Plaintiff).

9.    Plaintiff did not owe the alleged debt in the amount sought to be collected by PRA. On or around September 14, 2009 Plaintiff, via counsel, sent a letter to PRA via US Mail requesting that PRA cease all attempts to collect the alleged debt from Plaintiff, and also requesting that PRA verify the alleged debt by providing documents evidencing the existence of the alleged debt. (Exhibit D, September 14, 2009 letter from Plaintiff's counsel to PRA).

10.    PRA received the letter sent to PRA by the Plaintiff, a copy of which is attached hereto as Exhibit D, on or around September 20, 2010.

11.    On or about October 9, 2009, Plaintiff received a second letter from the Defendant via US Mail, notifying Plaintiff that PRA now owned the alleged debt owed by the Plaintiff, that PRA would be attempting to collect the alleged debt, and that PRA would settle the account for $2,086.89.  (Exhibit E, October 9, 2009 letter from PRA to Plaintiff).

12.    On November 18, 2009, at around 8:30 a.m. Central Standard Time (CST), an employee or agent of PRA contacted the Plaintiff's husband Ron Simovic directly at Plaintiff's home via telephone, from telephone number 866-428-8102, to attempt collection of the alleged debt.

13.    The telephone number of 866-428-8102 belongs to, and is used by, PRA to collect consumer debts.

14.    During the pendency of the November 18, 2009, telephone conversation between Ron Simovic and an agent or employee of PRA, said PRA agent or employee stated that the purpose of the call was to collect a debt owed by Cathleen Simovic to PRA, to which Ron Simovic replied that Cathleen was represented by her counsel "The

Palmer Firm," that any and all collection efforts were to be directed towards Plaintiff's counsel, and that PRA had previously been provided with notice of this fact via letter and orally over the phone by both the Plaintiff and by Mr. Simovic himself.

15.     At around 12:02 p.m. (CST) on November 30, 2009, an employee or agent of PRA again contacted the Plaintiff directly at her home via telephone, from telephone number 866-428-8102, to attempt collection of the alleged debt.  Plaintiff answered the phone and informed the employee or agent that she was represented by counsel, and that any and all collection efforts were to be directed towards her counsel.  When Plaintiff attempted to provide the employee or agent with the phone number of her counsel, the PRA employee or agent hung up on her.

16.     At around 2:18 p.m. (CST) on December 1, 2009, an employee or agent of PRA again contacted Plaintiff directly at her home via telephone, from telephone number 866-428-8102, to attempt collection of the alleged debt.  Plaintiff answered the phone and informed said PRA employee or agent that she was represented by counsel, that any and all collection efforts were to be directed towards Plaintiff's counsel, and that PRA had been provided with notice of this fact on multiple occasions.

17.     On multiple other occasions, after being informed in writing that Plaintiff is represented by counsel and that all collection attempts from Plaintiff should cease, PRA employees and/or agents contacted or attempted to contact Plaintiff directly at her home via telephone, from telephone number 866-428-8102, to attempt collection of the alleged debt by speaking with Plaintiff or her husband.

18.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, *Gammon v. GC Services, Ltd. Partnership*,

27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT-DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC

19.     Plaintiff re-alleges paragraphs 1-18 as if set forth fully in this count.

20.     PRA's violations of the FDCPA include, but are not limited to:

A.      PRA violated §1692b(6) by communicating with Plaintiff and her husband Ron Simovic, after being informed orally and in writing that Plaintiff is represented by her counsel, The Palmer Firm;

B.      PRA violated §1692c(c) by continuing to communicate directly with the Plaintiff regarding collection of the alleged debt after receiving written notification that the Plaintiff wishes the debt collector to cease communication with Plaintiff;

C.      PRA violated §1692d when it repeatedly harassed the Plaintiff by its repeated direct calls to Plaintiffs when at all times, PRA knew Plaintiff was represented by counsel;

D.      PRA violated §1692d(5) when it repeatedly engaged the Plaintiff in multiple telephone conversations regarding the alleged debt on a daily basis with the intent of annoying, abusing, or harassing the Plaintiff;

E.      PRA violated §1692e when it used deceptive means of calling Plaintiff directly to try to have Plaintiff settle the alleged debt directly with PRA, instead of collecting the alleged debt through Plaintiff's counsel as is required by law;

F.      PRA violated §1692e(5) when it threatened to collect on an incorrect debt amount, by threatening to collect on the alleged debt from the Plaintiff directly when legally prohibited from doing so;

G.      PRA violated §1692e(10) when it used deceptive means of calling Plaintiff directly to try to have Plaintiff settle the alleged debt directly with PRA to induce the Plaintiff to give up rights thereby, instead of collecting the alleged debt through Plaintiff's counsel as is required by law;

H.   PRA violated §1692f when it used unfair means of calling the Plaintiff directly to try to have Plaintiff settle the alleged debt directly with PRA, to induce the Plaintiff to give up rights thereby, instead of collecting the alleged debt through Plaintiff's counsel as is required by law;

21.   As a result of PRA's violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to emotional distress, fear of answering the telephone, depression, irritation, and feelings of helplessness (Exhibit F, Affidavit) and is thus entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

## REQUEST FOR RELIEF-FDCPA

WHEREFORE, Plaintiff requests that judgment be entered in her favor against the Defendant for the count alleged above for:

A.   Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B.   Actual damages;

C.   Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

D.   Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By:  s/ Mario Kris Kasalo
Mario Kris Kasalo

**The Law Office of M. Kris Kasalo**
**"A Consumer Protection Law Firm"**
111 East Wacker Drive, Suite 555
Chicago, Illinois 60601
tele 773.847.2600
fax 773.847.0330
mkriskasalo@yahoo.com